Filed 1/13/23 P. v. Collins CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY PAUL COLLINS,<br><br>    Defendant and Appellant. | C093043<br><br>(Super. Ct. No. 98F10648)<br><br>OPINION ON TRANSFER |

A jury found petitioner Johnny Paul Collins guilty of first degree murder and robbery. The jury also found true a robbery-murder special-circumstance allegation. Petitioner petitioned the trial court for resentencing under Penal Code[1] section 1172.6[2]

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although petitioner filed his petition under former section 1170.95, we cite to section 1172.6 throughout this opinion.

based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4). The trial court denied the petition, finding the record established petitioner was ineligible for resentencing as a matter of law because the jury found true the special-circumstance enhancement allegation. On appeal, petitioner argued the trial court erred in relying on the special-circumstance finding to disqualify him for relief. Originally, finding no error, we affirmed the trial court's order with a correction to the abstract of judgment. (*People v. Collins* (Jan. 6, 2022, C093043) [nonpub. opn.].)

Our Supreme Court granted review but deferred further action pending the disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Following its decision, our Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the matter in light of *Strong*.

Upon reconsideration, we conclude the trial court's denial of the petition was inconsistent with section 1172.6 and *Strong*. We accordingly reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

We take the basic, relevant facts of petitioner's case from our opinion in his original appeal. (*People v. Collins* (Jan. 13, 2003, C035384) [nonpub. opn.] (*Collins*).)[3]

On October 22, 1998, at about 7:00 p.m., Robert Yee and his wife Sim were closing their market in Rio Linda, the business they had owned for 37 years. The Yees lived next door to the market. At around 7:15 p.m., three robbers (petitioner, Shaun Edward Anderson, and James M.) wearing ski masks entered the store. Petitioner carried

---

[3] We provide this summary of facts from the prior opinion in petitioner's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

2

a .38-caliber pistol. He and Anderson forced Mr. Yee into the back of the store while James M. went to the cash register area where Mrs. Yee was standing behind the counter.

Petitioner and Anderson forced Mr. Yee to lie down; they taped his hands, mouth, and feet with duct tape. Petitioner obtained Mr. Yee's house keys. He and Anderson went to the Yee residence.

Mr. Yee was on the floor for 10 to 15 minutes. At about the time he had worked himself free from the duct tape, he heard his across-the-street neighbor call for him.

The neighbor testified he entered the store and found Mrs. Yee lying face down on the floor, behind the counter, bound with duct tape. Mrs. Yee was not moving or breathing. Mr. Yee, who was "real distraught," started ripping all the tape off of Mrs. Yee and hollering at her. The neighbor spoke to Mrs. Yee but got no response. He was unable to feel a pulse.

Dr. Robert Anthony performed an autopsy on Mrs. Yee. She had the autoimmune disease scleroderma, which caused her to lose a fair amount of lung tissue. Her impaired lungs stressed and enlarged her heart. Her lung disease had reached a plateau and stabilized, and she had begun the occasional use of oxygen. Dr. Anthony and Mrs. Yee's attending physician both testified that she would have been at great risk of death by being unable to breathe if she had been placed face down on the floor, or had her mouth covered with duct tape. Dr. Anthony expressed the opinion that Mrs. Yee's death may have been caused by positional asphyxia, in which being placed prone prevented her from breathing effectively.

Well after the robbery, petitioner was found and arrested in Arkansas. During his extradition hearing, petitioner was overheard blurting out in a loud voice that he "did not murder that woman, that there was [*sic*] three of them. And that they had only tied the woman up, and that she was on oxygen and he did not kill her." (*Collins*, *supra*, C035384.)

3

In instructing the jury, the trial court included CALJIC No. 8.80.01, which states to the jury that unless petitioner was the actual killer, "you cannot find the special circumstance to be true [as to that petitioner] unless you are satisfied beyond a reasonable doubt that such [petitioner] . . . with reckless indifference to human life and as a major participant [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] in the commission of the crime of [r]obbery which resulted in the death of a human being, namely Sim Yee. [A [petitioner] acts with reckless indifference to human life when that [petitioner] knows or is aware that [his, her, or their] . . . acts involve a grave risk of death to an innocent human being.]"

In 2000, the jury found petitioner guilty of second degree robbery of Robert and Sim Yee, and first degree murder of Sim Yee. An allegation that the murder was committed during the robbery was found true. An allegation that petitioner was armed with a firearm was found not true. Petitioner was sentenced for the murder to state prison for life without the possibility of parole.

Petitioner appealed and we affirmed the judgment.

In January 2019, petitioner filed a petition for resentencing under section 1172.6 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. Counsel was appointed for petitioner. The prosecution filed a response and moved to dismiss the petition on the basis that petitioner failed to make a prima facie showing he was eligible for relief. Petitioner filed a reply brief. In October 2020, the trial court denied petitioner's petition, stating that in "its verdict the jury determined [petitioner] was aiding and abetting the robbery, acted in a capacity of a major participant, and conducted himself with reckless disregard for human life knowing his acts involved a grave risk of death to an innocent human being. These findings, under case law as it has recently developed, make it clear that the [petitioner] could still be prosecuted for murder under current felony murder law."

Petitioner appealed.

4

## DISCUSSION

## I

### *Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b).) Section 1172.6, subdivision (c), which dictates how the court must handle the petition, reads: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

Section 1172.6, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause. The prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1172.6, subd. (d)(3).) At the hearing, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (*Ibid.*)

6

## II

### *Special Circumstances After* Banks *and* Clark

Section 190.2, subdivision (d) provides that special-circumstance findings based on the enumerated felonies in paragraph (17) of subdivision (a)—which includes robbery—require that an aiding and abetting defendant must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks* (2015) 61 Cal.4th 788.) Thus, on its face, a special-circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (See § 189, subd. (e) [providing where "[a] participant in the perpetration" of a robbery "in which a death occurs is liable for murder" if proven to have been "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2"].) Since petitioner's conviction, however, our Supreme Court has refined the analysis for determining who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *People v. Clark* (2016) 63 Cal.4th 522.

In *People v. Banks*, *supra*, 61 Cal.4th at page 803, our Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant. These include the defendant's role in planning the crime and in "supplying or using lethal weapons"; the defendant's awareness of "particular dangers posed by the nature of the crime"; whether the defendant was "present at the scene of the killing, in a position to facilitate or prevent the actual murder"; whether the defendant's own "actions or inaction play[ed] a particular role in the death," and what the defendant did "after lethal force was used." (*Ibid*.)

Similarly, in *People v. Clark*, *supra*, 63 Cal.4th at page 617, our Supreme Court found reckless indifference to "encompass[] a willingness to kill (or to assist in another killing) to achieve a distinct aim." It provided a nonexhaustive list of factors to consider in making this determination, including use or awareness of the presence of a weapon or

7

weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, *supra*, 13 Cal.5th 698, our Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special-circumstance findings. The Court found "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d)" as they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong*, at pp. 706, 717.) Thus, prior special-circumstance findings made "before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) A defendant with a special-circumstance finding who files a section 1172.6 petition may ultimately be found to be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* analyses. (*Strong*, at p. 720.) Though a special-circumstance finding may be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant must always do so before seeking resentencing." (*Id*. at p. 713, italics omitted.)

III

*Petitioner Is Not Barred From Relief As A Matter Of Law*

Petitioner argues the trial court erred in relying on the jury's special-circumstance finding to establish he was a major participant who acted with reckless indifference to human life because the law changed considerably when, after his conviction, our Supreme Court clarified the special circumstances analysis in *Banks* and *Clark*. Petitioner asserts we must reverse and order the trial court to issue an order to show cause. The People concede in supplemental briefing that the order denying petitioner's

8

petition must be reversed and the matter remanded to the trial court for the trial court to issue an order to show cause.

We originally concluded petitioner failed to make a prima facie showing and failed to demonstrate error in the trial court's reliance on the jury's special-circumstance findings. In light of *Strong*, the second conclusion is no longer valid.

Although the requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437, petitioner is not barred from making a prima facie case for relief based on the pre-*Banks/Clark* special-circumstance finding and was not required to first challenge the finding via habeas corpus proceedings. (*Strong*, *supra*, 13 Cal.5th at pp. 710, 713.) The trial court's statements to the contrary are inconsistent with section 1172.6 as clarified by *Strong*, and it was thus error to deny the petition without issuing an order to show cause.

Having made a prima facie case for relief, petitioner now is entitled to an evidentiary hearing under section 1172.6, subdivision (d)(3). We shall, therefore, remand this matter to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing on the petition.

9

## DISPOSITION

The order denying the petition is reversed.  The case is remanded to the trial court for issuance of an order to show cause and to hold an evidentiary hearing on the petition.


/s/ _____
Robie, Acting P. J.


We concur:


/s/ _____
Duarte, J.


/s/ _____
Renner, J.